ADCOR REALTY CORPORATION et
al., Plaintiffs,

v.

MELLON–STUART COMPANY et
al., Defendants.

No. C 76–217 Y.

United States District Court,
N. D. Ohio, E. D.

Feb. 15, 1978.

C. Kenneth Clark, Jr., Youngstown, Ohio, for plaintiffs.

Edgar H. Boles, Cleveland, Ohio, C. Kenneth Clark, Jr., Youngstown, Ohio, Melvin D. Kraft, New York City, Arseny A. Melnick, Youngstown, Ohio, Forest A. Norman, Cleveland Ohio, Lawrence R. Springer, Michael I. Walling, Youngstown, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

Defendant Glen-Gery Corporation has moved for summary judgment in its favor on plaintiffs' complaint and on the cross-claims of defendants Mellon-Stuart Company and Loeffler/Johnson & Associates. The basis for the motion for summary judgment is that all of the above claims are barred by the two year limitations period of § 2305.10, O.R.C.

Plaintiffs' complaint sets forth a products liability action seeking recovery of damages from the discoloration, spalling, cracking, and disintegration of bricks made by Glen-Gery Corporation used as face bricks around the exterior walls of a department store building. Plaintiff did not purchase the bricks directly from Glen-Gery Corporation.

█ In a products liability case in Ohio, there are three possible causes of action a plaintiff may pursue: (1) an action in tort grounded upon negligence; (2) a cause of action based upon contract; and (3) an action in tort based upon the breach of a duty assumed by the manufacturer-seller of a product. *Lonzrick v. Republic Steel Corp.*, 6 Ohio St.2d 227, 218 N.E.2d 185 (1966). The Court finds that the allegations of the sixth claim for relief in plaintiffs' complaint as they apply to defendant Glen-Gery Corporation state a cause of action in tort based upon the breach of a duty assumed by the manufacturer-seller of the product.

On the basis that the bricks in issue were personal property at least until affixed to the department store, and further claiming that even after their placement as face bricks on the department store these bricks were still personal property, defendant maintains plaintiff's claim is one for injury to personal property governed by the limitations period of § 2305.10, O.R.C.

█ The brick in issue, being permanently incorporated into the building itself, became affixed to realty and was therefore real property. *Zangerle v. Standard Oil Company*, 144 Ohio St. 506, 60 N.E.2d 52 (1945); *First National Bank of Van Wert v. Coil*, 1. O.L.A. 720 (Ohio Appeals, 3rd Dist., Mercer Co.1923). Plaintiffs' action is thus a products liability action for injury to real property grounded in tort.[1]

█ There is no doubt that the bricks in issue were personalty until such time as they were incorporated into the building. Rather than viewing plaintiff's unilateral action in affixing an item of personalty to realty as the sole controlling factor in determining the nature of this action, it must be kept in mind that this type of products liability action is grounded in tort upon alleged failure of a seller to fulfill its duty to provide a product fit for its intended use. *Lonzrick v. Republic Steel Corp., supra.* The intended use of bricks is generally to build structures affixed to realty.

Section 2305.10, O.R.C., claimed by defendant Glen-Gery to be applicable to plaintiff's action is couched in terms of the nature of the claimed tortious injury, rather than in terms of the overall nature of the action. Section 2305.10, O.R.C., speaks to bodily injury or injury to personal property. The injury complained of by plaintiffs is an injury to real property. Moreover, the injury to real property is alleged to be a direct result of the intended use of the products that are the subject of this action. Given all these circumstances, the Court finds that § 2305.10, O.R.C., is not the governing statute of limitations in relation to plaintiffs' claims against defendant Glen-Gery Corporation.

The Court finds the proper statute of limitations to be applied in a products liabil-

---

1. As in this action, an action in tort, based on the properly pleaded theory of breach of implied warranty, may be maintained to recover for damage to real property. *Iacono v. Anderson Concrete Corp.*, 42 Ohio St.2d 88, 326 N.E.2d 267 (1975).

ity action for injury to real property grounded in tort is either § 2305.09(D), O.R.C., setting forth a four year period of limitations, or § 2305.14, O.R.C., setting forth a ten year period of limitations. As plaintiffs' complaint was filed well within the running of either period, the Court does not reach the question of which of the two statutes is most appropriate.

Thus, none of the factual issues raised by defendant's motion for summary judgment as to the applicability of § 2305.10, O.R.C. to plaintiffs' complaint need be resolved. Defendant's motion for summary judgment as to plaintiffs' complaint is denied.

 Both of the cross-claims of defendants Mellon-Stuart Company and Loeffler/Johnson & Associates against defendant Glen-Gery Corporation are products liability claims in tort based upon the breach of a duty assumed by a manufacturer-seller of a product. However, the injury claimed in both instances is not injury to real property, but rather potential money damages and attorneys' fees realized as a result of this lawsuit. Thus, the applicable statute of limitations for these claims alleging injury to personal property is § 2305.10, O.R.C., setting forth a two-year period of limitations. Nonetheless, the injuries complained of could not have arisen until such time as these cross-claimants knew or should have known of the pendency of this action. Therefore, defendant Glen-Gery Corp.'s motion for summary judgment as to these cross-claims is also denied.

Glen-Gery Corp.'s motion for a protective order against certain discovery pending resolution of these motions for summary judgment is therefore moot. Defendant Mellon-Stuart Company's motion to compel Glen-Gery Corporation to produce certain documents is granted; defendant Mellon-Stuart Company's motion for an award of expenses and attorneys fees in connection with said motion to compel is denied.[2]

IT IS SO ORDERED.

2. Defendant Mellon-Stuart Company has also moved to strike the affidavit of Jack C. Harris, Esq., filed with Glen-Gery Corp.'s motion for summary judgment. As the facts set forth in

the affidavit were not determinative of defendant Glen-Gery Corp.'s motion, the Court finds the above-mentioned motion to strike moot.