## Aglinsky v.
## Cleveland Builders Supply Co.
*[Cite as 7 AOA 257]*

*Case No. 57473*
*Cuyahoga County, (8th)*
*Decided October 11, 1990*

Daniel J. Ryan, 2000 Standard Building, Cleveland, Ohio 44113, for Plaintiff-Appellants.

John V. Jackson II and Joseph Farchione, Jr., Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., 1301 East Ninth Street, #1400, Cleveland, Ohio 44114-1824, for Defendant-Appellee.

KRUPANSKY, P.J.

Plaintiffs Victor and Jacqueline Aglinsky filed a complaint July 6, 1987 in Cuyahoga County Common Pleas Court case number 132233 against defendant Cleveland Builders Supply Co. ("CBS").

Plaintiffs allege defendant breached its contract and an implied warranty of fitness for intended purpose by negligently and purposely supplying them with inferior bricks which did not fit the industry standard for exterior brick use in this climate. These bricks were used in 1978 to construct the plaintiffs' home at 4774 Laurel Road, Brunswick, Ohio. Subsequent to the Aglinsky home's completion, the bricks began at first to crumble, and eventually the brick facing totally separated from the brick.[1]

CBS filed a motion for summary judgment asserting plaintiffs' claim was barred by a four-year statute of limitations pursuant to R.C. 2305.09(D). CBS supported its motion for summary judgment with an *interrogatory* in which Mr. Aglinsky testified he first "noticed fragments of brick all over the ground" in the spring of 1982. Plaintiffs' brief in opposition to defendant's motion for summary judgment argued the attached *affidavit* of Mr. Aglinsky clearly exhibited plaintiffs' complaint was timely filed within the four-year period since Mr. Aglinsky stated he did not learn until April of 1985 that the bricks were "defectively manufactured" and "such defect did not exhibits itself fully until 1985." Hence, plaintiffs asserted a complaint filed in 1987 is within the four-year statute of limitations.

Alternatively, the Aglinskys argue their complaint was governed pursuant to R.C. 2305.131 or R.C. 2405.14, each above code section containing a ten-year statute of limitations.

Defendant's first motion for summary judgment was denied August 11, 1988. Subsequently, on January 23, 1989, the parties submitted to arbitration. The arbitrators found for defendant and plaintiffs appealed *de novo* to the trial court. In the interim, January 13, 1989, defendant filed a motion to strike affidavits of plaintiffs and to reconsider its motion for summary judgment. Again on February 24, 1989, defendant filed a motion for summary judgment with

new evidence, the affidavit of an expert attached, alleging "spalling distress" of the bricks was from improper construction, workmanship and design. On the same day, February 24, 1989, the trial court set the date for pretrial and trial.

Thereafter, on March 15, 1989, the trial court entered the following final order:

"Mtn. of Defts to strike Affidavits of Pltfs and to reconsider Defts' Mtn for Summary Judgment is granted. Said Mtn. is granted due to filing of blatantly false affidavits in opposition to Defts' original Mtn. for Summary Judgment."

Plaintiffs filed a motion for continuance pursuant to Civ. R. 56(F) in order to gain time to reply to defendant's motion for summary judgment on March 17, a full two days after the trial court granted summary judgment for defendants. Plaintiffs timely appealed.

Plaintiffs challenge the trial court's granting of defendant's motion for summary judgment on two premises; viz.:

"(1) there is a genuine issue of material fact as to when the cause of action arose; viz., (a) 1982 or (b) 1985; and

"(2) which statute of limitations is applicable relative to the facts *sub judice;* (a) a four-year statute of limitations or (b) a ten-year statute of limitations."

Plaintiffs' first and third assignments of error which deal with whether a material issue of fact exists follow:

"I. THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT FILED ON BEHALF OF THE APPELLEE-DEFENDANT, CLEVELAND BUILDER SUPPLY, IN THAT THERE WAS A FACTUAL DISPUTE WHICH COULD ONLY BE RESOLVED BY A JURY TRIAL.

"III. THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT FILED ON BEHALF OF THE DEFENDANT-APPELLEE IN THAT THE AFFIDAVITS OF THE APPELLANTS CLEARLY DEMONSTRATED A FACTUAL DISPUTE AS TO WHEN DISCOVERY OF THE DEFECT IN THE BRIEF WHICH COULD BE IMPUTED TO THE APPELLANTS AND SUCH DISPUTE COULD ONLY BE RESOLVED THROUGH A JURY VERDICT."

Plaintiffs first and third assignments of error are meritorious.

A court reviewing the granting of a summary judgment must follow the standards set forth in Civ. R. 56(C), which specifically provides before summary judgment may be granted, the following must be determined:

"*** No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and, viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327.

It is axiomatic that in deciding whether the trial court correctly granted summary judgment, the court *sub judice* must follow Civ. R. 56 and "look at the record in the light most favorable to the party opposing the motion ***." *Campbell v. Hospitality Motor Inns, Inc.* (1986), 24 Ohio St. 3d 54, 58.

The party seeking summary judgment, defendant CBS, bears the burden of showing that no genuine issue of material fact exists for trial. *Harless v. Willis Day Warehousing* (1978), 54 Ohio St. 2d 64, 66. The inferences to be drawn from the underlying facts contained in the depositions and affidavits must be construed in the opposing party's favor, i.e., the Aglinskys; thus, summary judgment must be denied if reasonable minds could find for the party opposing the motion. *Kunkler v. Goodyear Tire & Rubber Co.* (1988), 36 Ohio St. 3d 135, 136, citing *Hounshell v. American States Ins. Co.* (1981), 67 Ohio St. 2d 427, 437.

A genuine issue as to a material fact exists whenever the relevant factual allegations in the pleadings, affidavits, depositions or interrogatories are in conflict. *Duke v. Sanymetal Products Co.* (1972), 31 Ohio App. 2d 78, 81; *Covitt v. Bass Chevrolet, Inc.* (June 29, 1989), Cuyahoga App. No. 55515, unreported, at 6.

Ohio recognizes generally that a cause of action accrues when the wrong is committed. *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St. 3d 84, 87. However, when the actual injury does not result immediately, the cause of action will accrue when the actual injury or damage ensues. *O'Stricker, supra* at 87; *Velotta v. Landscape Inc.* (1982), 69 Ohio St 2d 376, 379.

Therefore, for the purposes of assessing the commencement of the statute of limitations herein which sounds in tort, the question arises, since the brick incorporated did not lend itself

to discovery immediately because it was not readily discernible, when did the plaintiffs cause of action and damage occur? See *Board of Education of the Cleveland City School District v. Dela Motte-Larson, Nassau & Associates* (Dec. 21, 1989), Cuyahoga App. No. 56275, unreported. The genuine issue of material fact is when did the cause of action arise:

i.e., when did the Aglinskys know or by the exercise of reasonable diligence should they have known they had been injured by the conduct of CBS the defendant. Did the cause of action arise viz., (1) when *some* bricks began to flake in 1982 or (2) when plaintiffs aver they learned the bricks were "defectively manufactured" and the "defect did not exhibit itself fully until 1985?"

When there are disputed issues of material fact as to when plaintiffs know or by the exercise of reasonable diligence should have known that they have been injured by the conduct of the defendant, summary judgment is inappropriate and the fact finder should resolve the issue. *O'Stricker, supra;* See also *R Renaissance Inc. v. Rohm and Haas Co.* (S.D. Ohio 1987), 674 F. Supp. 591.

On October 9, 1987, plaintiff Aglinsky's answer to an *interrogatory* directed to him by defendant asking him the exact date on which he noticed any problem with the brick follows:

"In the early spring of 1982, we noticed fragments of bricks all over the ground along the front of the house. Then the bricks began to crumple and whold (sic) faces fell off."

On July 9, 1988, plaintiff Victor Aglinsky executed an *affidavit* which stated, in part, as follows:

"3. I did not learn until April of 1985 that the bricks were defectively manufactured by the defendant. Such defect did not exhibit itself fully until 1985 in that the damage to the home became so severe that I contacted my attorney, Daniel J. Ryan, to make inquiry with the defendant Cleveland Builder Supply."

Mrs. Aglinsky's affidavit is exactly the same as her husband's affidavit.

Plaintiff's affidavit averring the brick defect was discovered in 1985 could conceivably be construed to conflict with his earlier answer to defendant's interrogatory that he first noticed a problem in 1982. The time frames do not seem to be mutually exclusive, since plaintiff states he first "noticed" a problem in 1982, but was not fully aware the bricks were "defective" until 1985.

Regardless, in the absence of a finding by the trial court the affidavit was made in *bad faith* pursuant to Civ. R. 56(B), it must be considered truthful for summary judgment review. *Covitt, supra; Swift v. Two Hundred Place* (Nov. 13, 1986), Cuyahoga App. No. 51320, unreported, at 4.

Even if the trial court found a bad faith affidavit pursuant to Civ. R. 56(G), the rule provides the following remedies:

"(G) Affidavits made in bad faith. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt."

In the case *sub judice,* the trial court's characterization of the plaintiffs' affidavits as "blatantly false" and the trial court's subsequent reliance on this reasoning to strike said affidavits and, thus, grant summary judgment for defendant was error. The trial court's decision was based upon its consideration and opinion of the affiants' credibility.

Issues of credibility of affiants are not issues properly decided or disposed of by a motion for summary judgment. *Sartor v. Arkansas National Gas Corporation* (1944), 321 U.S. 620; *Duke, supra,* at 83; *Procaccino v. Elberon B & L Ass'n.* (1969), 20 Ohio App. 2d 105, 107.

Mr. and Mrs. Aglinsky submitted material in opposition to CBS's motion for summary judgment which raise an issue of material fact concerning the date the cause of action arose *viz.,* (1) 1982 or (2) 1985 in relation to whether their complaint filed July 6, 1987 was within four years of their discovery that the bricks were defective.

Therefore, reviewing the evidence before the trial court without determining the credibility of the Aglinskys and resolving doubts and construing the evidence most favorably for the nonmoving party, the Aglinskys, it must be concluded CBS was not entitled to summary judgment as a matter of law.

Accordingly plaintiffs' assignments of error one and three are well taken and sustained.

Plaintiffs' second assignment of error dealing with the applicability of the four-year

statute of limitations or the ten year statute of limitations follows:

"II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BASED ON FAILURE OF THE PLAINTIFF TO BRIEF HIS ACTION WITHIN THE STATUTORY TIME PERIOD PERMITTED FOR SUCH ACTION UNDER OHIO REVISED CODE 2305.09(D) RATHER THE TRIAL COURT SHOULD HAVE APPLIED EITHER OHIO REVISED CODE 2305.131 OR OHIO REVISED CODE 2305.14."

Plaintiffs' second assignment of error lacks merit.

Plaintiffs argue the trial court erred by applying the four year statute of limitations to this tort action pursuant to R.C. 2305.09(D) rather than a ten-year statute of limitations pursuant to either R.C. 2305.131 or R.C. 2305.14. Plaintiffs' argument is unpersuasive.

R.C. 2305.09(D) provides in pertinent part as follows:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"(A) For trespassing upon real property:

"(B) For the recovery of personal property, or for taking or detaining it:

"(C) For relief on the ground of fraud;

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code.

"*＊*＊*"

R.C. 2305.131 is a ten-year statute of limitations which applies to actions in tort against architects and engineers and others involved in the design, planning and construction of buildings. Suppliers, such as defendant in the case *sub judice,* are not contemplated in the statute. R.C. 2305.131.

Plaintiffs concomitantly argue R.C. 2305.14 applies to allow ten years to file suit in his claim.

R.C. 2305.14 provides as follows:

"An action for relief not provided for in sections 2305.04 to 2305.131(2305.13.1), inclusive, and section 1304.29 of the Revised Code, shall be brought within ten years after the cause thereof accrued. This section does not apply to an action on a judgment rendered in another state or territory."

In the case of *City of Port Clinton v. Borchardt Inc. et al* (Sept. 13, 1985), Ottawa App. No. OT-85-3, unreported, the court stated:

"On the other hand 2305.14 R.C. would appear to be limited in application to actions seeking equitable relief. (see *State ex rel Lien v. Hause,* 144 O.S. 238; *Devlin v. Webster,* 114 ??. [sic] 2d 762; and *Jensen v. Republic Steel,* 32 O.L.A. 29)"

After research of this section, we agree that R.C. 2305.14 probably applies to actions requiring equitable relief but certainly would not be applicable to the facts *sub judice.*

Although plaintiffs plead an express contract existed with CBS in their complaint, there is undeniably no express contract between the parties as revealed by plaintiff Victor Aglinsky's deposition. The case *sub judice* is necessarily based upon a tort theory, i.e., negligent manufacturing or breach of implied warranty of fitness for the intended use of the product. See *Iacono v. Anderson Concrete Corp.* (1975), 42 Ohio State 2d 88.

An action based upon the faulty manufacturing of brick which becomes incorporated into real estate, and is therefore, real property, is a product liability action for injury to real property and, hence, is based upon R.C. 2305.09. *Velotta, supra; City of Port Clinton v. Borchardt Inc., supra.* citing *Adcor Realty Corp. v. Mellon-Stuart* (N.D. Ohio 1978), 450 F. Supp. 769 (holding either R.C. 2305.09 or 2305.14 applied and declining to decide which applied). Under the facts in the case *sub judice* we hold R.C. 2305.09(D) is applicable and plaintiffs' counsel agreed in his colloquy with the court at oral argument that the four-year statute was the proper statute to be applied to the facts in the instant case.

Accordingly, plaintiffs' second assignment of error is not well taken and overruled.

Plaintiffs' fourth assignment of error follows:

"IV. THE TRIAL COURT ERRED IN STRIKING THE AFFIDAVITS OF THE PLAINTIFFS IN THAT THEY WERE NOT FALSE AFFIDAVITS AND FURTHER THE TRIAL COURT MUST PROVIDE THE APPELLANTS THE OPPORTUNITY TO RESPOND TO THE MOTION FOR SUMMARY JUDGMENT."

Plaintiffs' fourth assignment of error has merit.

Plaintiffs argue their affidavits were not false and they were not afforded the opportunity to respond to defendant's second motion for summary judgment to which was attached new evidence in the form of an expert's affidavit. Suffice it to say the issue of credibility of the

plaintiffs' affidavits was answered in assignments of error one and three. However, the argument regarding plaintiffs' lack of opportunity to respond to defendant's motion for summary judgment made on February 24, 1989 is persuasive.

On February 24, 1989, in addition to the filing of defendant's second motion for summary judgment, the trial court so journalized and set the date for trial. Plaintiffs thereafter on March 3, 1989 filed a motion to strike defendant's motion for summary judgment and for sanctions. The trial court judged did not respond to plaintiffs' motion and granted summary judgment for defendant March 15, 1989.

Plaintiffs filed a motion for continuance to respond to defendant's motion for summary judgment pursuant to Civ. R. 56(F) on March 17, 1989, two days after final judgment was entered for defendant on their summary judgment motion.

The trial court has discretion to determine whether additional time is appropriate to delay the decision on the summary judgment motion in order to allow the nonmoving party to gather rebuttal data. *Whiteleather v. Yosowitz* (1983), 10 Ohio App. 3d 272. This discretion, however, should be liberally exercised in favor of the nonmoving party. *Whiteleather, supra.*

Faced with the task of the refiling of defendant's motion for summary judgment supported by new evidence in the form of expert testimony and refiled on the same day the trial court set the case for trial, the trial court sent out confusing mixed signals to plaintiffs, thereby abusing its discretion by failing to rule on plaintiffs' motion to strike. The trial court should have either ruled upon plaintiffs' motion to strike or notified plaintiffs the trial court was reconsidering the granting of defendant's motion for summary judgment. Plaintiffs should have been granted more time by the trial court to respond and produce their own expert or investigate other options. See *Tucker v. Webb Corp.* (1983), 4 Ohio St. 3d 121.

Accordingly plaintiffs' fourth assignment of error is well taken and sustained. Judgment is reversed and remanded.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is, therefore, considered that said appellants recover of said appellee their costs herein. It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

NAHRA, J., and VICTOR, J., concur.

Judge William H. Victor, Retired, Ninth Appellate District, Sitting by Assignment.

N.B. This entry is made pursuant to the third sentence of Rule 22(D), Ohio Rules of Appellate Procedure. This is an announcement of decision (see Rule 26). Ten (10) days from the date hereof, this document will be stamped to indicate journalization, at which time it will become the judgment and order of the court and time period for review will begin to run.

---

[1] This brick distress is referred to in the industry as "spalling." Spalling is defined as the breaking off of small fragments from the face or edge of a material (as stone, metal, concrete, glass or ceramic product).