JOURNAL ENTRY and OPINION
Plaintiff-appellant Rose Heiman appeals from the trial court order that granted the motion for summary judgment filed by defendant-appellee Metlife Auto Home Insurance Co. on her claim for uninsured motorist's coverage.
Appellant asserts summary judgment was improper, arguing the trial court failed to apply the analysis set forth in Csulik v. Nationwide Mut. Ins. Co. (2000), 88 Ohio St.3d 17, regarding choice-of-lawissues when interpreting uninsured motorist coverage contract provisions.
This court has reviewed the record and determines appellee did not meet its burden of proof pursuant to Civ.R. 56(C). Therefore, the trial court's decision is reversed, and this case is remanded for further proceedings.
The record reflects appellant sustained injuries in an automobile accident that occurred on February 17, 1998 in North Miami Beach, Florida. Appellant and two of her companions were seated in the rear passenger seat of an automobile driven by Harry Katz. As Mr. and Mrs. Katz and their friends proceeded to a restaurant for dinner, Katz's automobile collided with an automobile driven by Alfredo J. Casallas. The collision caused appellant to require medical treatment for a fractured femur.
Appellant subsequently negotiated a settlement agreement with Katz's insurance carrier, pursuant to which she received $100,000.00. On February 25, 1999 she filed the instant action in the Cuyahoga County Court of Common Pleas against appellee. Appellant asserted a claim for uninsured and underinsured motorist coverage pursuant to her policy with appellee.[1]
Appellee filed an answer both denying the relevant portions of appellant's complaint and asserting several affirmative defenses. Subsequently, appellee filed a motion for summary judgment.[2]
In its brief in support of the motion, appellee argued it was entitled to judgment as a matter of law on appellant's claim based upon the "anti-stacking" language of the uninsured motorist provisions of the policy in conjunction with R.C. 3937.18(G)(1) and (2). Appellee contended that since the statutory provisions as amended in 1997 permitted automobile insurance contracts to prohibit "stacking" of coverage and appellant already had obtained $100,000 from Katz, which was appellee's limit of liability pursuant to the insurance policy, appellant could not prevail on her claim. Appellee attached to its motion what purported to be a certified copy of "Policy #A 281 46 3707-0."
On March 6, 2000 appellant filed a brief in opposition to appellee's motion. Therein, she argued Florida law, which permitted "stacking" of uninsured motorist coverage, should govern her claim against appellee. Appellant attached to her brief authenticated copies of her medical records concerning her injuries sustained in the motor vehicle accident.
On March 15, 2000 appellee filed a reply brief in which it argued that since appellant's action was based upon contract rather than tort, Ohio law applied, thus foreclosing her claim against it. Appellee attached no additional evidentiary materials to this brief.
On March 24, 2000 the trial court issued a judgment entry stating the following:
 Motion for Summary Judgment of Defendant (file 2/1/2000) is granted. Pursuant to FISTE V.
 ATLANTIC MUT. INS. CO. (1994 Franklin Co.), 94 Ohio App.3d 165, Ohio law applies to this action. As it is undisputed that O.R.C. Section 3927.18(G) prohibits the stacking of uninsured/underinsured benefits, this Court grants summary judgment in favor of the defendant.
On April 11, 2000 appellant filed a "motion for reconsideration" of the foregoing final order.[3] Therein, she sought to draw the trial court's attention to the Ohio Supreme Court's decision in Csulik, supra, which had been decided on February 16, 2000. Appellant subsequently timely filed in this court her notice of appeal from the trial court's judgment.
Appellant presents the following assignment of error for review:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS DEFENDANT/APPELLEE WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
Appellant argues the trial court's order of summary judgment was unwarranted on the facts of this case. She contends Csulik applies to the policy issued by appellee, thus requiring the application of Florida law to her claim for uninsured motorist coverage. Based upon the record on appeal, this court is constrained to agree with appellant in part.
In reviewing a motion for summary judgment, this court conducts a de novo review of the record and the trial court's decision. A court reviewing the granting of a summary judgment must follow the standards set forth in Civ.R. 56(C) * * *. Aglinsky v. Cleveland Bldrs. Supply Co. (1990), 68 Ohio App.3d 810. See, also, Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
When a court considers a motion for summary judgment, the moving party bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to any material element of its claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. If the moving party does so, the non-moving party then has a reciprocal burden to produce evidence on any issue for which that party bears the burden of production at trial. Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383,385; see, also, Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108.
However, the nonmoving party is entitled to have the evidence construed most strongly in his or her favor. Zivich v. Mentor Soccer Club (1998),82 Ohio St.3d 366, 369-70. It follows that, pursuant to the standard of Civ.R. 56, [i]f the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Dresher v. Burt, supra at 293.
A review of the record on appeal reveals the certified "copy" of the policy at issue that appellee attached to its motion as an exhibit is incomplete; each even-numbered page is missing. At least one of these omitted pages, moreover, contains the uninsured motorist's coverage provided to appellant that appellee asserted precluded appellant's claim.[4]
Both parties conceded that pursuant to Csulik, the policy language is crucial in determining the choice-of-law issue. See, e.g., Csulik v. Nationwide Mut. Ins. Co. (Oct. 30, 2000), Stark App. No. 2000CA00153, unreported; Stokes v. Nationwide Ins. Co. (Sept. 29, 2000), Belmont App. No. 98-BA-48, unreported; Jordan v. State Farm Mut. Auto. Ins. Co. (Mar. 23, 2000), Columbiana App. No. 98-CO-62, unreported. In view of the Civ.R. 56 directive that appellant is entitled to have the evidence, or lack thereof, construed most strongly in her favor, the trial court could not presume appellee's citations to the policy provisions were accurate. Appellee had the responsibility to provide the evidence, and the trial court was required to review it.
Summary judgment for appellee, therefore, was inappropriate based upon the state of the record submitted to the trial court. Dresher v. Burt, supra; Kohrman, Jackson Krantz v. Harris (Sept. 14, 2000), Cuyahoga App. No. 76873, unreported.
Accordingly, appellant's assignment of error must be sustained.
This case is reversed and remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J. and JOYCE J. GEORGE, J.* CONCUR
[1] Although appellant stated in her complaint that "[r]elevant portions of said policy [were] attached [t]hereto as Exhibit `A'," no attachment appears in the record on appeal. Appellee never challenged this omission.
[2] Appellee requested leave to file the motion "instanter" three days later. The trial court did not journalize a decision on this request.
[3] See Pitts v. Ohio Dept. of Trans. (1981), 67 Ohio St.2d 378, syllabus 1 (Ohio's civil rules do not prescribe motions for reconsideration from a trial court's final order.).
[4] Appellee has attached to its appellate brief what purports to be a complete copy of the policy; nevertheless, this court may not consider it. State v. Ishmail (1978), 54 Ohio St.2d 402, syllabus 1.
* Sitting by Assignment: Joyce J. George, retired Judge of the Ninth Appellate District, sitting by assignment of the Ohio Supreme Court.