JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Robert Hodnett, successor personal representative of the Estate of Kathleen Frost, appeals the trial court's decision granting summary judgment in favor of the Cleveland Rehabilitation 
Special Care Center, Inc., et al. Hodnett assigns the following errors for our review:
 "I. The trial court erred when it granted the motion for summary judgment filed by defendant THI of Cleveland, Inc. dba Cleveland Rehabilitation and Special Care Center."
 "II. The trial court erred when it denied plaintiffs motion for extension of time to respond to the motion for summary judgment filed by defendant THI of Cleveland, Inc. dba Cleveland Rehabilitation and Special Care Center and denied plaintiff's motion to compel."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On November 8, 2002, Kenneth Frost, as personal representative of the estate of his mother, Kathleen Frost, originally filed a survivorship and wrongful death suit against Cleveland Rehabilitation Special Care Center ("Cleveland Rehabilitation"). In the suit, Kenneth Frost alleged that Cleveland Rehabilitation was negligent in the care it rendered his mother while she was a resident of their facility.
 {¶ 4} On December 19, 2002, Cleveland Rehabilitation removed the case to federal court. In May 2004, the case was remanded back to Cuyahoga County Common Pleas Court.
 {¶ 5} On May 11, 2004, the trial court ordered Kenneth Frost to produce an expert report by August 11, 2004. In November 2004, after Kenneth Frost failed to *Page 4 
produce an expert report by the required date, Cleveland Rehabilitation filed a motion for summary judgment. On January 3, 2005, while that motion was pending, Kenneth Frost voluntarily dismissed the action without prejudice.
 {¶ 6} On December 29, 2005, Kenneth Frost re-filed the instant action. On April 5, 2006, the trial court ordered Kenneth Frost to produce an expert report by September 1, 2006. The trial court also scheduled the trial to commence on April 23, 2007.
 {¶ 7} On May 1, 2006, Kenneth Frost filed an affidavit of merit signed by Nancy Pierce, a registered nurse. In response, Cleveland Rehabilitation filed a motion to dismiss for failure to comply with the requirements of Civ.R. 10(D)(2) by not submitting an affidavit of merit signed by a physician.
 {¶ 8} On September 6, 2006, Kenneth Frost filed motions for an extension of time to produce his expert's report and extend the discovery cutoff date. In addition, Kenneth Frost filed a motion to compel Cleveland Rehabilitation to respond to additional interrogatories. Cleveland Rehabilitation opposed the motions, and simultaneously filed its motion for summary judgment.
 {¶ 9} On October 26, 2006, the trial court extended the deadlines for Kenneth Frost's expert report and discovery to December 1, 2006. The trial court also indicated that no further extensions would be granted to Kenneth Frost. The trial *Page 5 
court denied Cleveland Rehabilitation's motion for summary judgment and denied Kenneth Frost's motion to compel.
 {¶ 10} On December 7, 2006, Cleveland Rehabilitation filed its motion for summary judgment premised on Kenneth Frost's failure to provide an expert's report. On January 8, 2007, Kenneth Frost filed a motion for extension of time to respond to Cleveland Rehabilitation's motion for summary judgment, and also filed another motion to compel. On March 15, 2007, the trial court denied Kenneth Frost's two motions and granted Cleveland Rehabilitation's motion for summary judgment.
 Summary Judgment {¶ 11} In the first assigned error, Robert Hodnett[1] argues the trial court erred when it granted summary judgment in favor of Cleveland Rehabilitation. We disagree.
 {¶ 12} We review an appeal from summary judgment under a de novo standard of review.[2] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is *Page 6 
appropriate.[3] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-moving party.[4]
 {¶ 13} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[5] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[6]
 {¶ 14} To succeed on a medical malpractice claim, a plaintiff must demonstrate through expert testimony that the physician's conduct fell below the prevailing standard of care.[7] Whether negligence exists is determined by the relevant standard of conduct for the physician. That standard is proved through expert testimony.[8] *Page 7 
Thus, expert testimony is not merely permitted but required of the plaintiff to meet his burden of proof.[9] Absent this requirement, a plaintiff would prefer "* * * to rest his case on the mere facts of his sufferings, and to rely upon the jury's untutored sympathies, without attempting specifically to evidence the defendant's unskillfulness as the cause of those sufferings."[10]
 {¶ 15} In the instant case, the record indicates that Frost failed to submit a medical expert's report as required and as ordered by the trial court. The record also indicates that the trial court granted Frost two separate extensions to comply with these requirements. We have previously held that expert testimony is required to establish a prima facie case of medical malpractice.[11] Thus, Frost was required to submit a medical expert's report to establish that Cleveland Rehabilitation had not complied with the requisite standard of care. Because Frost failed to meet this burden, summary judgment was properly entered against him.
 {¶ 16} Nonetheless, Hodnett argues that Frost filed an Affidavit of Merit signed by Nancy Pierce, a registered nurse, who opined that Cleveland Rehabilitation was *Page 8 
negligent, and as a direct and proximate result of that negligence, Kathleen Frost suffered harm. We are not persuaded.
 {¶ 17} Regarding the expert testimony needed to prove medical malpractice, the Ohio Supreme Court has held:
 "This expert must be qualified to express an opinion concerning the specific standard of care that prevails in the medical community in which the alleged malpractice took place, according to the body of law that has developed in this area of evidence."[12]
 {¶ 18} Evid.R. 601 sets out the general rules of witness competency. Generally, every person is competent to testify unless an exception in the rule applies. Subsection (D) applies to testimony in medical malpractice claims. That section provides that an expert in a malpractice case is competent to testify only if:
 "The person testifying is licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state, and unless the person devotes at least one-half of his or her professional time to the active clinical practice in his or her field of licensure, or to its instruction in an accredited school. * * *."[13]
 {¶ 19} In the instant case, because Nancy Pierce, a registered nurse, is not "licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing *Page 9 
authority of any state," she was not competent pursuant to Evid.R. 601(D).[14] Therefore, the affidavit of merit signed by registered nurse Nancy Pierce was not admissible in opposition to Cleveland Rehabilitation's motion for summary judgment in the instant action.[15] Consequently, the trial court's decision granting summary judgment in favor of Cleveland Rehabilitation on Frost's medical malpractice and wrongful death claims was proper. Accordingly, we overrule the first assigned error.
 Motion for Extension of Time {¶ 20} In the second assigned error, Hodnett argues the trial court erred when it denied Frost an extension of time to respond to Cleveland Rehabilitation's motion for summary judgment. We disagree.
 {¶ 21} Civ.R. 56(F) provides:
 "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 22} Pursuant to Civ.R. 56(F), the trial court has discretion when considering a motion for a continuance and an appellate court will not reverse the trial court's *Page 10 
decision under this rule absent an abuse of discretion.[16] The term "abuse of discretion" connotes more than an error of judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable.[17]
 {¶ 23} Hodnett correctly asserts that the trial court's discretion with respect to a Civ.R. 56(F) motion should be exercised liberally in favor of a party who proposes a reasonable period of time to obtain discovery necessary to oppose the motion for summary judgment.[18]
However, the party seeking additional time to respond to the motion for summary judgment must present sufficient reasons that would justify the requested continuance. The burden is upon the party seeking to defer the court's action on a motion for summary judgment to demonstrate that a continuance is warranted.[19]
 {¶ 24} In the instant case, Frost asserted that Cleveland Rehabilitation did not provide all of Kathleen Frost's medical records and did not adequately respond to discovery, which prevented him from obtaining a medical expert's report and ultimately prevented him from responding to the motion for summary judgment.
 {¶ 25} We are not persuaded. *Page 11 
 {¶ 26} We have previously stated:
 "Civ.R. 56(F) requires the opposing party to submit affidavits with sufficient reasons stating why it cannot present by affidavit facts sufficient to justify its opposition. Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and the reasons given why it cannot present facts essential to its opposition of the motion.[20]
 {¶ 27} Here, the record in this re-filed action indicates that the trial court twice extended the deadline for Frost to obtain the required medical expert's report. The record also indicates that the trial court warned Frost that no further extensions would be granted. In addition, the record indicates, as evident by the affidavit of merit signed by Nancy Pierce, albeit a registered nurse, and not a licensed physician, that Cleveland Rehabilitation had provided the decedent's medical records.
 {¶ 28} Our review of the record clearly indicates that Frost had in his possession the medical records to facilitate obtaining a medical expert's report, but failed to timely respond to Cleveland Rehabilitation's motion for summary judgment. Consequently, the trial court properly denied Frost's request for a Civ.R. 56(F) continuance. Accordingly, we overrule the second assigned error.
 Judgment affirmed. *Page 12 
It is ordered that appellee recover of appellant its costs herein.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the
Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and MARY EILEEN KILBANE, J., CONCUR.
[1] The Probate Court of Cuyahoga County appointed Hodnett to succeed Kenneth Frost, who died during the pendency of the instant matter.
[2] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[3] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[4] Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
[5] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[6] Id. at 293.
[7] Marcum v. Holier Clinic, Inc., 4th Dist. No. 03CA25, 2004-Ohio-4124, citing Ramage v. Central Ohio EmergencyServs., 64 Ohio St.3d 97, 102, 1992-Ohio-109.
[8] Berdyck v. Shinde, 66 Ohio St.3d 573, 579, 1993-Ohio-183, citingBruni v. Tatsumi (1976), 46 Ohio St.2d 127.
[9] Crosswhite v. Desai (1989), 64 Ohio App.3d 170.
[10] Hoffman v. Davidson (1987), 31 Ohio St.3d 60, 62, citingBruni, 46 Ohio St.2d 127.
[11] West v. Cleveland Clinic Found. (June 15, 2000), Cuyahoga App. No. 77183; Canty v. Affordable Chiropractic (Dec. 17, 1998), Cuyahoga App. No. 73763.
[12] Dickenson v. Hartwig, 6thDist. No. L-03-1085, L-03-1148, 2004-Ohio-1330, quoting Bruni, 46 Ohio St.2d at 132.
[13] Thomas v. Cleveland Clinic Found., Cuyahoga App. No. 85276,2005-Ohio-4564.
[14] Morris v. Children's Hosp. Medical Center (1991),73 Ohio App.3d 437.
[15] See Civ. R. 56(E).
[16] Miller v. Ohio Dept. of Commerce (Aug. 19, 1993), Cuyahoga App. No. 62917, citing Aglinsky v. Cleveland Builders Supply Co. (1990),68 Ohio App. 3d 810, 819.
[17] Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217, 219.
[18] Whiteleather v. Yosowitz (1983), 10 Ohio App.3d 272, 276.
[19] Glimcher v. Reinhorn (1991), 68 Ohio App.3d 131, 138.
[20] Serrano v. McCormack Baron Mgmt. (Dec. 7, 2000), Cuyahoga App. No. 77970, quoting Schuerger v. Wehner (June 25, 1998), Cuyahoga App. No. 72477, citing Gates Mills Investment Co. v. Village of PepperPike (1978), 59 Ohio App.2d 155. *Page 1