[Cite as *Lachman v. Farmers Ins. of Columbus*, 2012-Ohio-85.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96904**

# BARBARA A. LACHMAN, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# FARMERS INSURANCE OF COLUMBUS

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case Nos. CV-729525 and CV-733943

**BEFORE:**   E. Gallagher, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**     January 12, 2012

**ATTORNEY FOR APPELLANTS**

James D. Shelby
556 City Park Ave.
Columbus, Ohio   43215

**ATTORNEYS FOR APPELLEE**

Peter C. Munger
Nathan R. Boyd
Munger Company, L.P.A.
626 Madison Avenue
Suite 400
Toledo, Ohio   43604

EILEEN A. GALLAGHER, J.:

{¶ 1}   Appellants, Barbara A. Lachman, Craig Lachman, Victoria Greenleaf, and Christopher Hanczrik, appeal from the decision of the trial court granting summary judgment in favor of Farmers Insurance of Columbus.  Appellants argue that the trial court erred in determining that the intentional act exclusion applied, that they were not entitled to a defense on a subrogation claim, and that Greenleaf and Hanczrik were not covered insureds under the policy.  For the following reasons, we affirm the decision of the trial court.

{¶ 2}   This appeal involves a fire that Barbara Lachman deliberately set on March 24, 2009 to the home in which she lived with her husband, Craig, located at 1570 Woodward Avenue, Lakewood, Ohio.  On that evening, Barbara admittedly set fire to

the comforter located in the master bedroom on the second floor of the residence[1]. She did so in what appellants characterize as a misguided attempt to have her husband become a hero by extinguishing the fire before any damage beyond the loss of the comforter occurred. Barbara used a cigarette lighter to ignite the blaze and then called to her husband to get a fire extinguisher. Craig did bring a fire extinguisher to the bedroom but was unable to extinguish the fire, which rapidly spread to other flammable objects and went out of control. Both Barbara and Craig fled the residence as the fire spread.

{¶ 3} Although Barbara initially told investigating authorities that she was smoking in bed at the time of the fire, she later admitted deliberately setting the fire. The fire caused a total loss to the structure as well as to most of the contents contained therein. Additionally, the fire spread to the home located at 1574 Woodward Avenue, causing damage to the exterior of that residence.

{¶ 4} The Lachman's residence was originally owned by Judith Hanczrik, the mother of Barbara, and her siblings, Victoria Greenleaf and Christopher Hanczrik. At the time of her passing in 2003, Judith Hanczrik's estate passed to her three children in equal shares, leaving each adult child with a one-third interest in fee simple. From 2003 onward, both Barbara and Craig lived in the residence. Neither Victoria nor Christopher

---

[1]Barbara Lachman pleaded guilty to two counts of arson related to this fire on April 13, 2009 in Cuyahoga County Case No. CR-522000 and was sentenced on May 11, 2009.

lived in the residence from 2003. Although Judith Hanczrik died in 2003, Barbara and her siblings continued to pay the premiums on the Farmer's Insurance of Columbus homeowner's policy, which remained in Judith Hanczrik's name.

{¶ 5} Subsequent to the fire, appellants filed an insurance claim seeking insurance proceeds for damage to the property as well as proceeds for lost personal property, contents, and living expenses. On September 25, 2009, Farmers Insurance issued a response, denying appellants' claim. Specifically, Farmers Insurance determine that because neither Victoria nor Christopher were permanent residents of the property, they were not insured under the policy. Additionally, as it related to Barbara's claim for insurance proceeds, Farmers determined the following:

> Farmers Insurance of Columbus denies your claim for insurance proceeds for damage to the property located at 1570 Woodward Avenue, Lakewood, OH 44107 as a result of a fire on or about March 24, 2009. These claims were submitted under Farmers Insurance of Columbus, Policy No. 0916010504 and also deny any further claims for personal property/contents and Additional Living Expenses. Your claim for coverage for damage to the dwelling and personal property located at 1570 Woodward Avenue, Lakewood, OH 44107 is denied because the fire was intentionally set by Barbara Lachman, an insured under the policy.

{¶ 6} In particular, Farmers Insurance of Columbus determined that the Intentional Acts exclusion provision of the policy applied to bar Barbara's claims for proceeds.

{¶ 7} The intentional acts exclusion provides as follows:

> "If any insured directly causes or arranges for a loss to covered property in order to obtain insurance benefits, this policy is void. We will not pay you or any other insured for this loss."

{¶ 8} On June 17, 2010, appellants filed the instant complaint for declaratory judgment, seeking to recover policy proceeds and coverage for damages resulting from the fire as well as defense coverage for property damage sustained by the neighbor's house and presented for recovery by that homeowner's insurance carrier, Westfield Insurance Company. Shortly after the filing, Westfield Insurance Company initiated a subrogation lawsuit against Barbara Lachman for reimbursement of money it expended to repair that homeowner's home. Farmers intervened in the Westfield subrogation action and the two separate lawsuits were consolidated. After consolidation, Farmers moved for summary judgment on the first-party and indemnification/subrogation claims. Appellants opposed the motion and on May 25, 2011, the trial court granted Farmers' motion for summary judgment.

{¶ 9} The trial court found that Victoria Greenleaf and Christopher Hanczrik were not entitled to coverage because they were not insureds under the insurance policy. Additionally, the court determined that Barbara and Craig Lachman were not entitled to coverage because Barbara's conduct in setting the fire fell under the intentional act exclusion of the policy pursuant to the doctrine of transferred intent. Specifically, the court held as follows:

> The court concludes as a matter of law that the act of [a] person setting fire to [a] comforter inside a bedroom, failing to take the proper precautions to prevent the fire from spreading is intrinsically tied with the resulting fire damage. Playing with fire is no laughing matter. Fire by its very nature is harmful, destructive, and extremely difficult to control. And one should not be rewarded for partaking in an inherently dangerous situation.

{¶ 10} Lastly, the court determined that Farmers did not owe Barbara a defense or indemnification in connection with Westfield's subrogation claim because her actions were: (1) excluded under the policy and (2) reasonably foreseeable to cause damage to the neighbor's property.

{¶ 11} Appellants appeal the trial court's grant of summary judgment, raising the three assignments of error contained in the appendix to this opinion.

{¶ 12} We review an appeal from summary judgment under a de novo standard of review. *Frost v. Cleveland Rehab. & Special Care Center, Inc.,* 8th Dist. No. 89694, 2008-Ohio-1718, 2008 WL 963124; *Baiko v. Mays*, 140 Ohio App.3d 1, 746 N.E.2d 618 (8th Dist. 2000). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Frost; Baiko*; *Brown v. Scioto Bd. of Commrs.*, 87 Ohio App.3d 704, 622 N.E.2d 1153 (8th Dist. 1993). Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-moving party. *Frost; Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶ 13} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio

St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.   If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.   Id. at 293.

{¶ 14} It is with this standard of review in mind that we review appellants' three assignments of error.

{¶ 15} In their first assignment of error, appellants argue that the trial court erred in holding that the intentional acts exclusion applies to bar Barbara and Craig Lachman from insurance proceeds for losses sustained in the fire.   We disagree.

{¶ 16} In support of their motion for summary judgment, Farmers Insurance of Columbus cites the intentional acts exclusion of the policy, which provides as follows:

> *"Intentional Acts.*   If any insured directly causes or arranges for a loss to covered property in order to obtain insurance benefits, this policy is void.   We will not pay you or any other insured for this loss."

{¶ 17} Additionally, Farmers cites the Statement Under Oath of Barbara Lachman, wherein she admits to deliberately setting fire to the comforter in her bedroom.   In particular, Barbara stated as follows:

> And so I decided that I would make a symbolic gesture to kind of rally the troops, and so I thought what I would do is start a controlled fire and that we would put the fire out and then say, well, you know, come on, you know, things looked bad for a moment, we got that under control, we can, we can do this.   So, but it got out of control more quickly than I had assumed, and my husband brought a fire extinguisher up to me, ran back down to get another fire extinguisher.   By the time he came up with the second fire extinguisher, they, the room had gone up, and so we just got ourselves and the dogs out of the house.   (Statement, 39-40.)

{¶ 18} Barbara further admitted that she had been drinking that evening and that she got the idea to start the fire to raise her husband's spirits.   (Statement 41.)

{¶ 19} Lastly, Farmers Insurance references   Barbara's two convictions for arson in connection with her actions on March 24, 2009.   Specifically, Barbara pleaded guilty to two counts of arson, which R.C. 2903.03(A)(1) defines as follows:

"(A) No person, by means or fire or explosion, shall knowingly do any of the following:

(1) Cause, or create a substantial risk of physical harm to any property of another without the other person's consent."

{¶ 20} Accordingly, we conclude that Farmers Insurance met its initial burden of setting forth specific facts that demonstrate its entitlement to summary judgment.   In response, appellants argue that the specific language of the intentional acts exclusion requires proof of two elements, that an insured: (1) directly caused the loss to the property, and (2) did so in order to obtain insurance benefits.   And thus, because Barbara set the fire only to raise her husband's spirits and not to collect insurance proceeds, there exists a genuine issue of material fact that precludes the grant of summary judgment.   The "logic" behind appellants' argument is that, because Barbara never intended for the fire to spread to the rest of the house, she merely intended to set a controlled fire to the comforter in her bedroom.

{¶ 21} We disagree with appellants' argument.   In *Allstate Ins. Co. v. Campbell,* 128 Ohio St.3d 186, 2010-Ohio-6312, 942 N.E.2d 1090, the Ohio Supreme Court held

that the doctrine of inferred intent invokes an insurance policy's intentional action exclusion when the intentional act of an insured and the resulting harm are intrinsically tied together.

> It is clear that as applied to an insurance policy's intentional-act exclusion, the doctrine of inferred intent applies only in cases in which the insured's intentional act and the harm caused are intrinsically tied so that the act has necessarily resulted in the harm. Limiting the scope of the doctrine is appropriate because the rule is needed only in a narrow range of cases – those in which the insured's testimony on harmful intent is irrelevant because the intentional act could not have been done without causing harm. Thus, an insured's intent to cause injury or damage may be inferred only when that harm is intrinsically tied to the act of the insured – i.e., the action necessitates the harm. The doctrine of inferred intent does not apply only to cases arising from acts of murder or sexual molestation. * * * [H]owever, courts should be careful to avoid applying the doctrine in cases where the insured's intentional act will not necessarily result in the harm caused by that act.

{¶ 22} In *Allstate,* the court held that the doctrine of inferred intent did not apply to the circumstances in its case, where the harm was not intrinsically tied to the act, and remanded the matter to the trier of fact to conduct a factual inquiry to determine whether harm was intended or expected that resulted from their actions. Id. Nonetheless, the court did conclude that when intent may be inferred as a matter of law, i.e., the act necessitates the harm, an insurer's motion for summary judgment may be properly granted. Id.

{¶ 23} Applying the rule of law announced in *Allstate* to the facts of the present case, we agree with the trial court's conclusion that, as a matter of law,

> the act of [a] person setting fire to [a] comforter inside a bedroom, failing to take the proper precautions to prevent the fire from spreading is

intrinsically tied with resulting fire damage.

Here, there is no other conclusion at which to arrive. The intentional act of setting fire to a comforter can only result in harm. Whether Barbara intended the fire to spread to the remainder of the home is irrelevant; the damage caused by a fire cannot be separated from the act of intentionally setting that fire. Additionally, Barbara's claim that she did not set the fire in order to recoup insurance proceeds is misplaced, because insurance proceeds are exactly what this lawsuit seeks to recover. As stated concisely by the trial court,

> [p]laying with fire is no laughing matter. Fire by its very nature is harmful, destructive, and extremely difficult to control. And one should not be rewarded for partaking in an inherently dangerous situation.

{¶ 24} Accordingly, we find that the trial court did not err in finding the intentional act exclusion applied to bar coverage for Barbara and Craig Lachman. Appellants' first assignment of error is overruled.

{¶ 25} In their second assignment of error, appellants argue the trial court erred in holding that Farmers Insurance of Columbus did not owe Barbara Lachman a defense or indemnification in connection with Westfield Insurance's subrogation claim. We disagree.

{¶ 26} In support of their motion for summary judgment on this portion of appellants' declaratory judgment action, Farmers Insurance refers to the following language of the policy:

Applying to Coverage E and F - Personal Liability and Medical

Payments to Others

> We do not cover bodily injury or property damage which:
>
> ***
>
> 3. is either:
>
>> a. Caused intentionally by or at the direction of an insured; or
>>
>> b. Results from any occurrence caused by an intentional act of any insured where the results are reasonably foreseeable.

{¶ 27} Farmers Insurance claims that Barbara's act of setting fire to the comforter in her bedroom is intrinsically tied to the resulting damage to Ms. McPherson's residence. Thus, the doctrine of inferred intent applies and removes any legal obligation on the part of Farmer's Insurance to provide a defense or indemnification to Barbara on Westfield Insurance's subrogation claim.

{¶ 28} In response, appellants once again argue that Barbara only intended to set fire to the comforter in her bedroom and that any damage that occurred to Ms. McPherson's residence as a result was not foreseeable. We find this argument does not raise a genuine issue of material fact to preclude the grant of summary judgment.

{¶ 29} In our analysis of appellants' first assignment of error, we found the doctrine of inferred intent applied. Similarly, we find the doctrine of inferred intent equally applies to the damage suffered by Ms. McPherson. Barbara's act of setting fire to her home cannot be separated from the damage suffered not only to her home, but to the residence of Ms. McPherson. Barbara's claim that she did not intend the resulting

damage simply does not matter in this case. The act is intrinsically tied with the harm. *Allstate*. Moreover, we agree with the trial court that it was reasonably foreseeable that property damage to Ms. McPherson's home would result from Barbara's actions in setting fire to her home.

{¶ 30} The plain language of appellants' insurance policy precludes Farmers Insurance from providing a defense or indemnification in instances of intentional acts where the results are reasonably foreseeable. Appellants have failed to raise any set of facts whereby Farmers Insurance would owe Barbara a defense or indemnification and, as such, they have failed to raise a genuine issue of material fact to preclude the grant of summary judgment.

{¶ 31} Appellants' second assignment of error is overruled.

{¶ 32} In their third and final assignment of error, appellants argue the trial court erred in determining that Victoria Greenleaf and Christopher Hanczrik were not insureds under the Farmers Insurance policy. This argument lacks merit.

{¶ 33} In moving for summary judgment, Farmers Insurance argued that neither Victoria Greenleaf nor Christopher Hanczrik were named insureds under the policy. Specifically, Farmers cited language in the definitions section of the policy that defined insured as "you and the following persons if permanent residents of your household: a. your relatives, b. anyone under the age of 21." Additionally, Farmers points to the declarations page of the policy, which listed Judith Hanczrik as the named insured on the policy. Lastly, Farmers cites Barbara's sworn statement wherein she reported that

neither Victoria nor Christopher lived permanently at the residence. Accordingly, we conclude that Farmers met its initial burden of setting forth specific facts that demonstrate its entitlement to summary judgment.

{¶ 34} In response, appellants argue it was unconscionable for Farmers to receive full payment of the insurance premiums and then not provide coverage when it was requested. Appellants also claim that Farmers should have changed the named insured on the policy after Barbara provided them with Judith's death certificate. Appellants Victoria and Christopher offer no evidence that they attempted to modify the insurance policy to include themselves as named insureds, nor do they attempt to argue that they were permanent residents of the property. In the absence of such evidence, appellants have failed to set forth any genuine issue of material fact to preclude the grant of summary judgment. The policy language is clear, and under that language, neither Victoria nor Christopher can be considered named insureds.

{¶ 35} Appellants' third and final assignment of error is overruled.

{¶ 36} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., CONCURS;
MELODY J. STEWART, J., CONCURS IN
JUDGMENT ONLY

**Appendix**

**Assignments of Error:**

    **"I.  The trial court erred in holding that appellants Barbara Lachman and Craig Lachman are not entitled to coverage under the pertinent insurance policy because Mrs. Lachman's conduct falls under the intentional acts exclusion of the policy and therefore denying appellants' motion for summary judgment and granting appellee's motion for summary judgment.**

    **"II.  The trial court erred in holding that appellee Farmers Insurance of Columbus, Inc. does not owe appellant Barbara Lachman a defense or indemnification in connection with Westfield Insurance Company's subrogation claim.**

    **"III.  The trial court erred in holding that appellants Victoria Greenleaf and Christopher B. Hanczrik are not entitled to coverage because they are not insureds under the pertinent insurance policy."**