WESTFIELD INSURANCE COMPANY, APPELLANT, *v.* JEEP CORPORATION, APPELLEE.

(No. S-87-63—Decided September 9, 1988.)

*John A. Coppeler,* for appellant.
*Charles E. Brown* and *David J. Richards,* for appellee.

*Per Curiam.* This cause is before this court on appeal from a judgment of the Sandusky County Court of Common Pleas, wherein said court granted summary judgment in favor of appellee, Jeep Corporation.

On June 5, 1987, appellant, Westfield Insurance Company, filed suit against Jeep Corporation for contribution as a result of having paid underinsured motorist benefits to its insured. Betty Van Der Laar, Westfield's insured, was involved in a one-car accident when the vehicle in which she was a passenger went out of control and crashed. Jerry Paxton, Jr. was the owner and driver of the car, a Jeep CJ5 manufactured by appellee. Van Der Laar received $12,500 from the driver's insurance carrier. Pursuant to an award determined by an arbitration panel, Westfield paid $62,500 to Van Der Laar for underinsured benefits.

Westfield thereafter filed an action from which this appeal is taken. The allegations were that the vehicle involved in the accident was negligently manufactured by Jeep. On this basis, Westfield sought contribution from Jeep. The trial court granted Jeep's motion for summary judgment, holding that Westfield did not have standing to bring the action and that even if Westfield had standing, the action was barred by the applicable statute of limitations.

It is from this judgment entry that Westfield filed its timely notice of appeal, asserting the following as its sole assignment of error:

"1. The Trial Court erred in this action for contribution from a joint tortfeasor in granting the motion for summary judgment filed by defendant-appellee."

The argument appellant sets forth is that Paxton and Jeep Corporation were joint tortfeasors and that the $62,500 paid to Van Der Laar represents full payment for the injuries she suffered. This in turn discharges Paxton's liability. Therefore because all amounts received by Van Der Laar were paid on Paxton's liability only, Westfield is permitted through subrogation rights to seek contribution from Paxton's joint tortfeasor, Jeep Corporation.

R.C. 2307.31 is the applicable statute in Ohio controlling contributions among joint tortfeasors. R.C. 2307.31(A) states, in pertinent part:

"* * * The right of contribution exists *only in favor of a tortfeasor* who had paid more than his proportionate share of the common liability, and his total recovery is limited to the amount paid by him in excess of his proportionate share. * * *" (Emphasis added.)

Westfield does not claim that it is a tortfeasor, rather that it is the subrogee of a tortfeasor (Paxton). Upon a thorough review of the record, it appears to this court that Westfield was merely satisfying a contractual obligation with Van Der Laar and not releasing any obligation to any tortfeasor. Appellant Westfield is subrogated to the rights of Van Der Laar, but since it has not discharged the liability of a tortfeasor, it cannot be a subrogee of a tortfeasor.

Appellant argues that R.C. 2307.31(C) permits this suit to be brought and that the trial court ignored this section. R.C. 2307.31(C) states, in pertinent part:

"A liability insurer that by payment *has discharged in full or in part the liability of a tortfeasor* and has thereby discharged in full its obligation as insurer is subrogated to the tort-

feasor's right of contribution to the extent of the amount it has paid in excess of the tortfeasor's proportionate share of the common liability. * * *'' (Emphasis added.)

From the express language of the statute it is clear that an insurance company must discharge a tortfeasor. Once again, appellant simply fulfilled its contractual promise to pay underinsured benefits and has not discharged any tortfeasor. Furthermore, the Franklin County Court of Appeals has stated in *Lattea* v. *Akron* (1982), 9 Ohio App. 3d 118, 9 OBR 182, 458 N.E. 2d 868, at paragraph two of the syllabus:

*"The right to contribute exists under R.C. 2307.31 where two parties actively participate in the commission of a tort* and one tortfeasor has been compelled to pay more than his share of the common liability, with recovery limited to the amount paid by him in excess of his proportionate share. The determination of the proportionate share of each tortfeasor is a question of proximate causation." (Emphasis added.)

In the case *sub judice,* Westfield has in no way actively participated in the commission of a tort. Additionally, Westfield cannot claim that it has any common liability shared with either tortfeasor. Westfield's liability is contractual in nature and appellant Westfield cannot logically claim it has or had tort liability such as Paxton or Jeep.

For all of the above reasons, appellant's sole assignment of error is found not well-taken. Both appellant and appellee have argued in their briefs as to the statute of limitations issue under R.C. 2307.32(C). This court having already determined that appellant has no standing to bring the action, the question is rendered moot.

On consideration whereof, this court finds that substantial justice has been done the party complaining. The decision of the court of common pleas is hereby affirmed.

*Judgment affirmed.*

ALICE ROBIE RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.