UNITED OHIO INSURANCE COMPANY, Appellant,

v.

FAULDS, Appellee.

[Cite as *Ohio Ins. Co. v. Faulds* (1997), 118 Ohio App.3d 351.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–96–029.

Decided Feb. 21, 1997.

*Scott E. Williams*, for appellant.

*Thomas F. Vivyan*, for appellee.

MELVIN L. RESNICK, Presiding Judge.

This case comes before the court on appeal from a judgment of the Sandusky County Court of Common Pleas, which granted the summary judgment motion of defendant-appellee, William H. Faulds. Plaintiff-appellant, United Ohio Insurance Company ("United"), appeals that judgment and asserts the following assignment of error:

"1. The Trial Court erred as a matter of law by finding Appellant's claim against the Appellee was not a valid assignment and a subrogation claim but a contribution claim and that Appellant lacked standing to bring a contribution claim under R.C. 2307.31."

This case is based on the following facts. On November 24, 1993, Faulds was operating his pickup truck south on State Route 53 in Sandusky County, Ohio. A car occupied by Gregory A. Steffens, Katherine R. Steffens, Megan Steffens, and Mikenzie Steffens was proceeding north on State Route 53. As both cars approached the intersection of Haggerty Drive and State Route 53, an eastbound vehicle, operated by Douglas A. Damschroder, pulled out of Haggerty Drive and made a left turn onto State Route 53. Faulds applied his brakes, causing his truck to skid into the northbound lane, where it collided with the Steffenses' vehicle. As a result of the collision, all four members of the Steffens family were injured.

At the time of the accident, the Steffenses had a motor vehicle insurance policy with United which included medical payments coverage and an uninsured/underinsured motorist coverage limit of $500,000 per accident. Faulds had motor vehicle liability insurance with a $300,000 per accident limit. Damschroder was an uninsured motorist, who, subsequent to the accident, filed a petition under Chapter 7 of the U.S. Bankruptcy Code.

In July 1994, the Steffens family filed negligence and loss-of-consortium actions against Faulds and United. In June 1995, the Steffenses voluntarily dismissed, without prejudice, their case against Faulds. They subsequently settled with United. In the releases signed by the Steffenses, they assigned to United:

"All claims that they possess against William Faulds pursuant to the rights of subrogation possessed by 'United Ohio' and as more fully contained in the provisions governing the uninsured motorists, underinsured motorists coverage and medical payments coverage under the terms of the aforementioned policy of insurance issued by United Ohio Insurance Company to Greg A. Steffens."

On November 22, 1995, United filed a negligence action naming Faulds as the sole defendant. United asserted that, under the medical payments and uninsured/underinsured motorist provisions of the Steffenses' motor vehicle policy, it

was required to pay the Steffenses a total of $300,447.47. United contended that, in consideration for this payment, the Steffenses assigned any and all claims against Faulds to United. United also relied on their right to subrogation as a basis for the negligence action against Faulds.

Faulds answered and filed a third-party complaint against Damschroder on the question of liability only. Faulds then filed a motion for summary judgment arguing that United lacked standing to bring a negligence action against Faulds. Faulds characterized United's claim as one for contribution against a joint tortfeasor. Relying on this court's decision in *Westfield Ins. Co. v. Jeep Corp.* (1988), 55 Ohio App.3d 109, 562 N.E.2d 912, Faulds contended that United also lacked standing under R.C. 2307.31, the Ohio Contribution Among Tortfeasors Statute, to bring a contribution action. Numerous documents, including the Steffenses' motor vehicle policy with United, were appended to the motion for summary judgment.

United did not object to the admissibility of any of the appended documents. Rather, United relied on these documents to assert that its right to institute an action against Faulds arose from a written assignment of the Steffenses' claim against Faulds and/or its right of subrogation.

On July 18, 1996, the trial court granted Faulds's motion for summary judgment, finding that, under the uninsured/underinsured motorist provision of the Steffenses' motor vehicle policy, United had no subrogation claim against Faulds. Because, pursuant to his motor vehicle liability policy, Faulds had a per-accident limit of $300,000, the court characterized all but $447.47 of United's claim as one based on contribution. Citing *Westfield*, the common pleas court held that United lacked standing to bring the $300,000 claim. The court concluded that the $447.47 claim must be a subrogated medical payments claim and ordered this claim to arbitration.

After voluntarily dismissing, without prejudice, the medical payments claim, United filed the instant timely appeal.

In its sole assignment of error, United contends the trial court erred in finding that its $300,000 claim was a claim for contribution against a joint tortfeasor rather than valid assignment and subrogation claim.

An appellate court, in reviewing the grant of a motion for summary judgment, must follow the standard provided in Civ.R. 56(C). *Aglinsky v. Cleveland Builders Supply Co.* (1990), 68 Ohio App.3d 810, 589 N.E.2d 1365. Civ.R. 56(C) reads, in relevant part:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the

action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

We note at the outset that United does not dispute that its $300,000 claim against Faulds arises from a subrogation assignment by the Steffenses under the uninsured/underinsured motorist provision of their motor vehicle policy.

"The legal doctrine of subrogation has long been recognized as an insurer's derivative right." *Bogan v. Progressive Cas. Ins. Co.* (1988), 36 Ohio St.3d 22, 29, 521 N.E.2d 447, 454. Recognized also at common law, the right of subrogation is specifically granted to providers of uninsured/underinsured motorist coverage by R.C. 3937.18(E). *Id.* As a result, a subrogation clause is reasonably includable in contracts providing uninsured/underinsured motorist insurance and is a valid and enforceable precondition to an insurer's duty to provide that coverage. *Id.* Nevertheless, it is generally held that an insurer-subrogee who settles with its insured under an uninsured/underinsured motorist provision in a motor vehicle policy does not, even in the presence of a statute permitting subrogation of an uninsured/underinsured motorist claim, acquire the remedy of an independent cause of action against an insured joint tortfeasor. See 8D Appleman, Insurance Law and Practice (1981) 144, Section 5128. See, also, 16 Couch on Insurance 2d (1983) 210, Section 61:138.

Our research discloses one case in Ohio that deals with this issue. In *Blackburn v. Hamoudi* (Sept. 18, 1990), Franklin App. No. 89AP-1102, unreported, 1990 WL 136045, the Tenth Appellate District was presented with the question of whether an insurer that had compensated its insured pursuant to an underinsured motorist provision could recover the amounts paid from a second, fully insured, joint tortfeasor.

The *Blackburn* case was first instituted by the injured insured against two allegedly negligent tortfeasors. After paying its insured under the underinsured motorist provision, the insurer-subrogee intervened in the negligence action seeking recovery of the amounts paid from both tortfeasors. The tortfeasors asserted that R.C. 3937.18(E) limited the insurer's subrogation rights to claims against the underinsured tortfeasor.

R.C. 3937.18(E), the relevant section of Ohio's uninsured/underinsured motorist statute reads, in pertinent part:

"In the event of payment to any person under the coverages required by this section and subject to the terms and conditions of such coverages, the insurer making such payment to the extent thereof is entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury or death for which such payment is made * * *."

The language of the subrogation clause in the underinsured motorist coverage provision in the *Blackburn* case contained wording substantially similar to that of R.C. 3937.18(E). In analyzing both the language in R.C. 3937.18(E) and the subrogation clause in the insured's underinsured motor vehicle policy, the Franklin County Court of Common Pleas focused on the phrase "any person legally responsible for bodily injury" and concluded that the clear and unambiguous language of the statute failed to reveal any intent to limit the uninsured/underinsured motorist carrier's right of subrogation to only uninsured and underinsured tortfeasors. Thus, the court found the insurer could recover not only from the underinsured tortfeasor but, also, the fully insured tortfeasor.

In applying *Blackburn* to the case before us, we first observe that the language in Part C,[1] the uninsured/underinsured motorist provision in the United policy, tracks the language in R.C. 3937.18(E). Thus, it appears that, in the event Faulds is found negligent, United can recover amounts paid to the Steffens from him. The *Blackburn* case does not, however, stand for the proposition that United's subrogation rights, including the assignment of the claim against Faulds, under their uninsured motorist policy with the Steffenses includes the right to bring an independent action for negligence against Faulds.

On motions for reconsideration, the *Blackburn* court was asked to consider this court's decision in *Westfield.* See *Blackburn v. Hamoudi* (Feb. 8, 1991), Franklin App. No. 89AP–1102, unreported, 1991 WL 16137. In *Westfield,* a passenger was injured in a one-car accident when an underinsured motorist lost control of his car and crashed. The passenger's underinsured motorist carrier, after paying underinsured motorist benefits to its insured, attempted to bring a contribution action, pursuant to R.C. 2307.31, against the manufacturer of the motor vehicle

---

1. Part C provides, in material part:
   "A. We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury:
   "1. Sustained by an insured; and
   "2. Caused by an accident."
   The "Limit of Liability" clause tracks R.C. 3937.18(E) and reads, in part:
   "Any amounts otherwise payable for damages under this coverage shall be reduced by all sums paid because of bodily injury by or on behalf of all persons or organizations who may be legally responsible. This includes all sums paid under Part A of this policy."

involved in the crash. *Westfield Ins. Co. v. Jeep Corp.*, 55 Ohio App.3d at 110, 562 N.E.2d at 912–913. This court held that an insurer-subrogee that has merely fulfilled its contractual promise to pay underinsured motorist benefits has no standing to bring an action under the contribution statute. *Id.* at 110–111, 562 N.E.2d at 912–914.

In distinguishing *Westfield*, the *Blackburn* court stated:

"The underinsured motorist carrier [in *Westfield* ] was not a tortfeasor, nor did it discharge the liability of a tortfeasor, and consequently the [*Westfield* ] court held that it could not bring an action for contribution. The court did, however, observe that the underinsured motorist carrier was subrogated to the rights of its insured. Had the insured in *Westfield* brought her own action against the tortfeasor, the underinsured motorist carrier would have the right to intervene because of its right of subrogation. This was the holding in our opinion and it is consistent with the language in *Westfield*."

Thus, the Tenth Appellate District recognized the necessity of joinder of the insured who holds the personal injury cause of action in order for recovery of amounts paid to that insured by an uninsured motorist carrier from a joint tortfeasor.

■ Moreover, as did the *Blackburn* court, we look to the language of R.C. 3937.18(E). Statutory language is to be given its plain and ordinary meaning. *Coventry Towers, Inc. v. Strongsville* (1985), 18 Ohio St.3d 120, 122, 18 OBR 151, 152–153, 480 N.E.2d 412, 413–414. Where the words of a statute are plain and unambiguous, it is the court's duty to enforce that statute—not interpret it. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105–106, 65 O.O.2d 296, 298–299, 304 N.E.2d 378, 381–382. R.C. 3937.18(E) expressly states that an uninsured/underinsured motorist carrier is entitled to repayment from the "proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person [its insured] against any person * * * legally responsible for the bodily injury or death" for which the uninsured/underinsured payment is made. The language of this statute is clear and unambiguous in stating that entitlement to repayment is the result of the action of the injured party or parties against a joint tortfeasor. It does not provide the uninsured motorist carrier with the right to, under aegis of subrogation, to obtain an assignment of the injured party's negligence claim against a fully insured joint tortfeasor.

■ Accordingly, we hold that the right of subrogation authorized by R.C. 3937.18(E) does not confer, even by written assignment in a subrogation agreement or contractual language to the contrary, on an uninsured/underinsured motorist carrier a right to maintain an independent cause of action in negligence against a fully insured joint tortfeasor.

Therefore, despite its alleged claims, the nature of the action brought by United against Faulds was one seeking contribution from a joint tortfeasor, and based on this court's holding in *Westfield,* the trial court did not err in granting summary judgment to Faulds. Appellant's sole assignment of error is found not well taken.

The judgment of the Sandusky County Court of Common Pleas is affirmed. United Ohio Insurance Company is ordered to pay the costs of this appeal.

*Judgment affirmed.*

HANDWORK and GLASSER, JJ., concur.