DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a partial summary judgment issued by the Ottawa County Court of Common Pleas in a suit involving an insurance subrogation claim.
On September 3, 1996, Michael Hogrefe suffered injuries in an auto accident allegedly caused by appellee, John Trumpy. Appellee's insurer offered Hogrefe the limits of appellee's policy, $25,000. Hogrefe's insurer, appellant, State Farm Mutual Insurance Co., declined the offer, apparently believing that appellee had assets sufficient to provide payment of a larger sum.
Appellant instead opted to pay Hogrefe the full amount of his underinsured motorist coverage, $100,000, in exchange for Hogrefe's assignment of the "* * * proceeds of any settlement or judgment" from any person "responsible for [Hogrefe's] bodily injury * * *." As part of this "Release and Trust Agreement", Hogrefe agreed to, "* * * hold in trust for the benefit of [appellant] all rights of recovery * * *" and to "* * * do whatever is proper to secure * * * such rights." Appellant also paid Hogrefe $5,000 for the medical coverage portion of his automobile insurance coverage.
On June 5, 1997, appellant, in its own name, sued appellee to recover the $105,000 it had paid to Hogrefe. Hogrefe was not named as a party in that suit. On March 22, 1999, appellant voluntarily dismissed the suit, refiling its complaint on June 14, 1999. On March 8, 2000, appellee moved for partial summary judgment, arguing that neither the statutory right of subrogation contained in R.C. 3937.18(E), nor the terms of the "Release and Trust Agreement", executed by Hogrefe, gave appellant an independent cause of action against a tortfeasor.
The trial court declined to reach the statutory subrogation issue, but concluded that the language of the "Release and Trust Agreement" failed to bestow on appellant a right to bring an independent claim in its own name. Moreover, the trial court concluded that appellant could not now join Hogrefe pursuant to Civ.R. 17, but must substitute him as a party. Substitution, however, was barred by the statute of limitations. For these reasons, the trial court granted appellee's motion for summary judgment. The matter is now before us on appeal pursuant to the trial court's Civ.R. 54(B) certification.
Appellant asserts as error 1) the trial court's refusal to permit the suit to go forward in appellant's name; 2) its failure to find OhioInsurance Co. v. Faulds (1997), 118 Ohio App.3d 351 and Cincinnati Ins.Co. v. Keneco (Nov. 19, 1999), Wood App. No. WD-99-020, unreported, inapplicable to this case; and, 3) the court's denial of appellant's motion to join its insured in the case.
There are no disputed facts in this matter; therefore, the question is whether appellee was entitled to judgment as a matter of law. Civ.R. 56.
With respect to Faulds and Keneco, appellant is correct. Both cases define a narrow exception to the rule that a personal injury insurer who pays an insured's claim has a subrogated right to recover against a tortfeasor. Bogan v. Progressive Cas. Ins. Co. (1988), 36 Ohio St.3d 22,29 overruled on other grounds McDonald v. Republic Franklin Ins., Co.
(1989), 45 Ohio St.3d 27, 31. Faulds, Keneco, and their antecedent,Westfield Ins. Co. v. Jeep Corp. (1988), 55 Ohio App.3d 109, hold that an insurer obtains no independent claim for contribution from an insuredjoint tortfeasor. Faulds at 354. Since in the present case, contribution among joint tortfeasors is not at issue, these cases are inapplicable. In that respect, appellant's second assignment of error is well-taken, but somewhat unavailing because the trial court did not rely upon _Faulds and Keneco in determining that appellant had no independent right to sue.
Instead, the court relied on the language of the "Release and Trust Agreement" between appellant and Hogrefe. In doing so, however, the trial court ignored the right of subrogation which arises under the statute and at common law when contribution among tortfeasors is not at issue. Bogan, supra, citing Newcomb v. Cincinnati Ins. Co. (1872),22 Ohio St. 382, syllabus.
"Subrogation" is the substitution of one person in place of another to the extent that the substituted assumes the rights of the other in relationship to a claim. Keneco citing Black's Law Dictionary (5th Ed. 1979) 1279. See, also, Aetna Cas. Sur. Co. v. Hensgen (1970),22 Ohio St.2d 83, paragraph five of the syllabus. Subrogation may arise conventionally, by express or implied contract, or by law, where one pays a claim owed by another under circumstances in which he or she is in equity entitled to the obligation held by the claimant who has been paid. State Dept. of Taxation v. Jones (1980), 61 Ohio St.2d 99, 102, citing Federal Union Life Ins. Co. v. Deitsch (1934), 127 Ohio St. 505,510.
In the present matter, it is undisputed that appellant compensated Hogrefe for his claim against appellee. Unless appellee was a volunteer in making this payment (a scenario no one raises), the payment was made with the expectation that the payor would be substituted for Hogrefe in his claim against appellee. Whether there was an express or implied subrogation by contract or whether subrogation arose at law, appellant is, as a result of that subrogation, now the real party in interest. Civ.R. 17. As such, appellant is entitled to pursue this claim in its own name. See Shealy v. Campbell (1985), 20 Ohio St.3d 23, 25. The trial court erred in ruling otherwise. Accordingly, appellant's first assignment of error is well-taken.
Appellant's Assignment of Error No. 3 is moot.
On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellee.
Melvin L. Resnick, J.
 James R. Sherck, J.
 George M. Glasser, J., JUDGES CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.