JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiffs-appellants, Robert Goldney and Jacinda Goldney (collectively "the Goldneys"), appeal from the judgment of the Cuyahoga County Court of Common Pleas that granted defendant-appellee Scott Grdina's motion for summary judgment. For the reasons stated herein, we reverse and remand the matter to the trial court.
 {¶ 2} On October 1, 2003, the Goldneys filed this action against Rayshawn Byrd, Colleen Kerr and Scott Grdina. The complaint alleges that on October 6, 2001, the Goldneys were passengers in an automobile driven by Kerr, that the Kerr vehicle was struck by a vehicle driven by Byrd, and subsequently struck by a vehicle driven by Grdina. The complaint asserts three claims for relief. The first claim for relief alleges that the Goldneys suffered injuries as a result of the collisions and that the collisions were caused by the negligence of the defendants. The second and third claims for relief are loss of consortium claims raised by Robert Goldney and Jacinda Goldney, respectively.
 {¶ 3} Grdina filed an answer to the complaint denying any allegation of negligence as to him. Grdina also asserted a cross-claim against Byrd and Kerr. Byrd and Kerr failed to respond to either the complaint or the cross-claim.
 {¶ 4} On March 24, 2005, Grdina filed a motion for summary judgment, arguing that the claim made herein was in fact a claim for contribution and subrogation made by the Goldneys' uninsured/underinsured motorists ("UM/UIM") *Page 4 
insurance carrier, Selective Insurance Company ("Selective"), which was not pled in the complaint and which Selective lacked standing to pursue. Grdina also argued that there was no genuine issue of fact pertaining to Grdina's alleged negligence because there was evidence that the Goldneys were actually standing outside the vehicle at the time of the second collision with Grdina's vehicle. However, Jacinda Goldney testified during her deposition that they were still in the vehicle when it was struck by Grdina. Jacinda Goldney suffered a broken arm at some point in the course of the collisions.
 {¶ 5} The trial court granted Grdina's motion for summary judgment on June 15, 2005 without opinion. Thereafter, the Goldneys filed a motion for default judgment against the remaining defendants. The trial court granted a default judgment against Byrd and Kerr on May 11, 2006.
 {¶ 6} On June 9, 2006, the Goldneys filed a notice of appeal from the trial court's summary judgment ruling, raising three assignments of error for our review.
 {¶ 7} Initially, we address Grdina's contention that the appeal is untimely. According to Civ.R. 54(B), an action is not terminated unless the court has resolved all of the claims or the rights and liabilities of all of the parties, or the court has specified that there is no just reason for delay. Thus, it is well recognized that a motion for summary judgment that fails to adjudicate all claims against all parties is interlocutory absent the required Civ.R. 54(B) language. See Perritt v.Nationwide Mut. Ins. Co., Franklin App. No. 03AP-1008, 2004-Ohio-4706;Saikus v. Ford Motor *Page 5 Co. (Apr. 12, 2001), Cuyahoga App. No. 77802.
 {¶ 8} Grdina claims that the order granting summary judgment was immediately appealable because it contained the word "final." Although the trial court's entry of summary judgment purports to be "final," it does not specifically determine that "there is no just reason for delay" as required by Civ.R. 54(B). In the absence of such express language, the order granting summary judgment will only be deemed final and appealable when all the claims of all the parties are decided.
 {¶ 9} Here, the summary judgment ruling resolved only the claims against Scott Grdina. The claims against Rayshawn Byrd and Colleen Kerr were not resolved until default judgment was entered against them on May 11, 2006. At that time, the summary judgment ruling became a final appealable order. The Goldneys filed a timely notice of appeal on June 9, 2006. Accordingly, we have jurisdiction over this appeal.
 {¶ 10} We proceed to address the Goldneys' first and second assignments of error, which provide as follows:
 {¶ 11} "I. Whether the trial court erred in granting [Grdina's] motion for summary judgment when the insurer has provided benefits to its injured insured and the insured still maintains its action against the tortfeasor."
 {¶ 12} "II. Whether the trial court erred in granting [Grdina's] motion for summary judgment when [Grdina] never pled the affirmative defense that [the Goldneys] were not the real party in interest." *Page 6 
 {¶ 13} The Goldneys state that Grdina argued to the trial court that the claim actually being pursued was a contribution and subrogation action by Selective, which was not named as a real party in interest to the action. The Goldneys state that they have the right to maintain this negligence action against the tortfeasors, regardless of any derivative subrogation right held by Selective.
 {¶ 14} This case involves a negligence claim brought by an injured party against alleged tortfeasors. Both parties concede that there is no right to contribution, since such a claim exists between joint tortfeasors to apportion liability. The Goldneys are the plaintiffs to this action and are not among the alleged joint tortfeasors.
 {¶ 15} Insofar as Selective obtained a right of subrogation because it made payment to the Goldneys pursuant to their contract for UM/UIM insurance, the Goldneys argue that Selective was not required to be made a party to the action and they could proceed with their claims against the tortfeasors. Grdina himself argues that although Selective has a right of subrogation as to uninsured motorists, Selective has no right to pursue subrogation with respect to an insured joint tortfeasor such as himself.
 {¶ 16} It is generally accepted that once an insurer has discharged its obligations to its insured, it becomes subrogated to the rights of its insured. Indeed, the legal doctrine of subrogation "has long been recognized as an insurer's derivative right." United Ohio Ins. Co. v.Faulds (1997), 118 Ohio App.3d 351, 354, *Page 7 
citing Bogan v. Progressive Cas. Ins. Co. (1988), 36 Ohio St.3d 22, 29. Under Ohio law, subrogation rights are controlled by the terms of an insurance policy as well as the specific statutory expression of the General Assembly in R.C. 3937.18. See Essad v. Cincinnati CasualtyCo., Mahoning App. No. 00 CA 207, 2002-Ohio-1947.
 {¶ 17} UM/UIM coverage exists to ensure an injured party is compensated if a tortfeasor is inadequately insured. As such, we have previously found that although a UM/UIM carrier may have a right of subrogation against the uninsured motorist, that right does not extend to a fully insured joint tortfeasor for whom no payment has been made under the insured's policy. See Lumberman's Mut. Casualty Co. v.McKinley (Aug. 4, 1988), Cuyahoga App. No. 53943. Also, as recognized by the Sixth Appellate District, "the right of subrogation authorized by R.C. 3937.18(E) does not confer * * * on an [UM/UIM] carrier a right to maintain an independent cause of action in negligence against a fully insured joint tortfeasor." Cincinnati Ins. Co. v. Keneco (Nov. 19, 1999), Wood App. No. WD-99-020, quoting United Ohio Ins. Co. v.Faulds (1997), 118 Ohio App.3d 351, 356; but, see, Blackburn v.Hamoudi (Sept. 18, 1990), Franklin App. No. 89AP-1102.
 {¶ 18} The effective version of R.C. 3937.18(E) that applies to this case provides, in relevant part, that "the insurer making such payment to the extent thereof is entitled to the proceeds of any settlement or judgment resulting from the exercise of any right of recovery of such person against any person or organization legally responsible for the bodily injury or death for which such payment is made." It *Page 8 
has been held that this section does not permit a UM/UIM carrier to bring its own independent action in negligence. Keneco, supra;Faulds, 188 Ohio App.3d at 355. Rather, the UM/UIM carrier is entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of its insured against any person legally responsible for the insured's bodily injury. Id.; R.C. 3937.18.
 {¶ 19} Pursuant to the foregoing case law, we find that the Goldneys retained the right to bring their own negligence action against Grdina, who was insured.
 {¶ 20} Under their second assignment of error, the Goldneys argue that even if Selective should have been brought into this action, Grdina failed to timely raise the issue. We agree.
 {¶ 21} Once an insurance company becomes subrogated to rights of its insured, the insurance company becomes a real party in interest. SeeKeegan v. Sneed (Oct. 16, 2000), Butler App. No. CA2000-02-029; Civ.R. 17(A). In this case, Selective became subrogated to the rights of its insured insofar as it made payments pursuant to the UM/UIM policy. Therefore, Selective is a real party in interest, pursuant to Civ.R. 17(A).
 {¶ 22} The failure to name the real party in interest is an objection or defense to a claim which is waived if not timely asserted. Wash. MutBank v. Novak, Cuyahoga App. No. 88121, 2007-Ohio-996. Likewise, the failure to join a subrogated insurer as a necessary party to an action is a defense that should be raised in the responsive pleading or in a motion to dismiss prior to the responsive *Page 9 
pleading, and is waived if not timely asserted. Poe v. Dinard (Nov. 7, 1990), Lorain App. Nos. 90CA004787, 90CA004790, 90CA004791, 90CA004792; Civ.R. 19(A). Here, Grdina did not raise this defense until he filed his motion for summary judgment, which was more than a year after having been served in the action. We find that Grdina failed to raise this issue in a timely fashion and waived the defense.
 {¶ 23} Furthermore, we must recognize that the proper remedy for failing to name a real party in interest is to permit ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Civ.R. 17(A). Likewise, the proper remedy for failing to join a necessary party is either an order that the missing party be joined pursuant to Civ.R. 19(A) or a grant of leave to amend the complaint to include that missing party. The joinder or substitution of a real party in interest has the same effect as if the action had been commenced in the name of the real party in interest.[1] Civ.R. 17(A). Accordingly, we find that summary judgment would not have been proper on this basis.
 {¶ 24} While we find merit to the Goldneys' arguments, we nevertheless find that reversal of the trial court's summary judgment ruling is not warranted under these assignments of error. Rather, we must review the third assignment of error to *Page 10 
determine whether any genuine issues of material fact remain in dispute with respect to the claims that were brought by the Goldneys.
 {¶ 25} The Goldneys' third assignment of error provides the following:
 {¶ 26} "III: Whether the trial court erred in granting [Grdina's] motion for summary judgment when [Jacinda Goldney's] testimony creates an issue of material fact to be determined by the jury."
 {¶ 27} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood PoliceDepartment, 99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State exrel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191,1996-Ohio-326.
 {¶ 28} The Goldneys argue that there are genuine issues of fact that remain in dispute as to whether Grdina was a tortfeasor and whether he proximately caused injuries to the Goldneys. The Goldneys state that the parties do not dispute that Grdina struck the Kerr automobile. However, they claim there is a dispute as to whether the Goldneys were in the vehicle at that time. *Page 11 
 {¶ 29} A review of the evidence in this case reflects the following. Colleen Kerr testified at her deposition that on October 6, 2001 she was driving the Goldneys and two others home after a night out drinking. Kerr admitted to having three beers and two shots that evening. She only observed Jacinda Goldney have one beer. She observed that Robert Goldney had been drinking and doing drugs. Kerr stated her vehicle was hit by another vehicle (the Byrd vehicle), which caused the Kerr vehicle to spin across the freeway, strike the concrete median strip, and spin back across the highway close to the guardrail. Kerr stated that her vehicle was not entirely off the highway but was halfway into the first lane of traffic and facing opposite traffic. Kerr claimed that everyone got out of the vehicle and Jacinda Goldney was complaining about her arm. She also stated that Robert Goldney was complaining about his neck. Kerr testified that Grdina then hit her car with his vehicle. She stated this was after Jacinda Goldney had been complaining about her arm.
 {¶ 30} One of the Goldneys' friends who was also in the vehicle, Scott Foster, testified in his deposition that he passed out shortly after the accident. He could not confirm whether the occupants were still in the Kerr vehicle when it was struck by Grdina. He did state that it was possible and that he heard screeching tires while he was still in the car.
 {¶ 31} Grdina testified in his deposition that he was driving that night and there was a light rain. He stated he saw red lights ahead and when he went around a bend, he saw a car sitting sideways in the lane he was driving in. He stated that he *Page 12 
could not swerve to the next lane because there were cars behind him. He observed that people who were in the accident were out of the vehicles. Grdina stated that he veered a little to the left and started tapping his brakes, but his brakes locked up. He testified the front right corner of his vehicle clipped the Kerr vehicle.
 {¶ 32} Jacinda Goldney testified in her deposition that after the Kerr vehicle came to a stop by the guardrail, she looked up and saw another car heading toward them. She stated that everyone was trying to hurry up and get out of the car, but there was not enough time to get out of the car. She testified that there was only a "split second" from the time the Kerr vehicle came to a complete stop and the time she saw the headlights. She claimed she was still inside of the vehicle when it was struck by the second car. She stated she did not notice that her arm was injured until she went to undo her seatbelt after being hit by the second car.
 {¶ 33} The complete deposition for Robert Goldney was not filed with the court and is not in the record before us. However, excepts from the transcript attached to Grdina's motion for summary judgment reflect his testimony that he received compensation from Selective for his injuries.
 {¶ 34} The record before us clearly exhibits conflicting testimony and credibility issues. The Ohio Supreme Court has stated that "[credibility issues typically arise in summary judgment proceedings when one litigant's statement conflicts with another litigant's statement over a fact to be proved. Since resolution of the factual dispute will depend, at least in part, upon the credibility of the parties or their *Page 13 
witnesses, summary judgment in such a case is inappropriate." Turner v.Turner, 67 Ohio St.3d 337, 341, 1993-Ohio-176.
 {¶ 35} We find that the record reflects disputed facts as to whether the Goldneys were inside or out of the Kerr vehicle when it was struck by Grdina. We further find that issues of fact remain in dispute as to whether Grdina was negligent and whether he was a proximate cause of the Goldneys' alleged injuries. Accordingly, we conclude the trial court erred in granting summary judgment.
 {¶ 36} The Goldneys' third assignment of error is sustained. Judgment reversed and remanded.
It is ordered that appellants recover from appellees costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR
[1] With respect to Grdina's assertion that the statute of limitations expired four days after the filing of this action, we note that the joinder of Selective as a real party in interest would relate back to the original commencement date, thus being timely for statute of limitations purposes. See McLynas v. Karr, Franklin App. No. 03AP-1075,2004-Ohio-3597; Civ.R. 17(A).