OPINION *Page 2 
{¶ 1} Defendant-Appellant Hoyt Plumbing, Inc. appeals the judgment of the Licking County Court of Common Pleas to uphold the Magistrate's decision denying Appellant's motion for directed verdict.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On February 26, 2003, the boiler exploded at a home owned by P3T, Ltd., injuring the tenant, Nelson Hadley. P3T, Ltd. was insured by Plaintiff-Appellee, Mennonite Mutual Insurance ("Mennonite"). On June 13, 2003, Mennonite settled Mr. Hadley's injury claims for $145,000 and obtained a release signed by Mr. and Mrs. Hadley. The June 13, 2003 release listed P3T, Ltd. as the party released.
 {¶ 3} On February 28, 2005, Mennonite filed a complaint against Defendant-Appellant, Hoyt Plumbing, Inc. ("Hoyt") claiming Hoyt's negligence caused the boiler to explode. Mennonite claimed contribution and/ or indemnification from Hoyt for the $145,000 settlement to the Hadleys. Hoyt filed an answer on March 16, 2005 claiming Mennonite did not properly preserve its claim for contribution.
 {¶ 4} On March 25, 2005, the Hadleys signed a second release. In the second release, P3T, Ltd. and Hoyt were named as the parties released. All other information remained the same.
 {¶ 5} Hoyt filed a Motion for Summary Judgment. It argued that Hoyt was not liable for the boiler explosion and regardless of Hoyt's liability, Mennonite failed to preserve its claim for contribution. Hoyt argued that Mennonite failed to comply with the contribution statutes because it failed to obtain a release naming Hoyt as a party released within the statute of limitations applicable to the Hadley's personal injury. Hoyt *Page 3 
further argued Mennonite failed to commence its contribution action within one year of the June 13, 2003 settlement with Hadley. The trial court denied the motion for summary judgment.
 {¶ 6} On January 3, 2007, the matter came on for bench trial before the magistrate. During opening remarks, Hoyt made an oral Motion for Directed Verdict and/or Motion to Dismiss Plaintiff's claims for contribution, again arguing Mennonite failed to properly preserve its contribution claims against Hoyt. The parties then presented evidence regarding Mennonite's claim of negligence against Hoyt. At the close of the trial, the magistrate directed the parties to brief the issues related to Mennonite's contribution claim and he would issue a ruling thereafter.
 {¶ 7} On March 16, 2007, the magistrate issued his decision on Hoyt's motion for directed verdict and found that Mennonite had preserved its claim for contribution against Hoyt. The magistrate denied Hoyt's motion for directed verdict and/or motion to dismiss. The magistrate did not make any additional findings of fact or conclusions of law regarding the remaining negligence issues.
 {¶ 8} In response to the magistrate's decision, Hoyt filed objections to the magistrate's decision on March 28, 2007. The trial court issued a judgment entry affirming the magistrate's decision and included the Civ.R. 54(B) language. It is from this decision Hoyt now appeals.
 {¶ 9} Appellant raises one Assignment of Error:
 {¶ 10} "I. THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW IN FINDING APPELLEE MENNONITE MUTUAL INSURANCE COMPANY PROPERLY *Page 4 
PRESERVED ITS CLAIM FOR CONTRIBUTION AGAINST APPELLANT HOYT PLUMBING, INC."
 I. {¶ 11} Hoyt argues the trial court erred in denying its motion for directed verdict and/or motion to dismiss on the contribution issue. As a first matter, we note a motion directed verdict lies only in a jury trial. This matter was tried to the court, not to a jury. Only juries render verdicts; trial courts render judgments. Tillman v. Watson, 12th Dist. No. 06-CA-10, 2007-Ohio-2429, at ¶ 8. As such, Civ.R. 50(A) is inapplicable. The correct rule is Civ.R. 41(B)(2) which provides:
 {¶ 12} "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, * * *, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine [the facts] and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence." (parenthetical material added).
 {¶ 13} Dismissals pursuant to Civ.R. 41(B)(2) are similar in nature to directed verdicts in jury actions; however, the standards to be used by the trial court and the reviewing court for the two motions are not the same. Civ.R. 41(B)(2) specifically provides the trial court may consider both the law and the facts. Therefore, the trial judge, as the trier of fact, does not view the evidence in a light most favorable to the plaintiff, but instead weighs the evidence and actually determines whether the plaintiff has proven the necessary facts by the appropriate evidentiary standard. See L.W. Shoemaker, M.D., Inc. v. Connor (1992),81 Ohio App.3d 748, 752, 612 N.E.2d 369; *Page 5 
 Harris v. Cincinnati (1992), 79 Ohio App.3d 163, 168, 607 N.E.2d 15. Even if the plaintiff has presented a prima facie case, dismissal may still occur if the trial court determines that the necessary quantum of proof makes it clear that the plaintiff will not prevail. Fenley v.Athens Cty. Genealogical Chapter (May 28, 1998), Athens App. No. 97CA36,1998 WL 295496, at # 3, citing 3B Moore's Federal Practice (1990), Paragraph 41.13(4), at 41-177. However, if the court finds the plaintiff has proven the relevant facts by the necessary quantum of proof, the motion must be denied and the defendant is required to put on evidence.Central Motors Corp. v. Pepper Pike (1979), 63 Ohio App.2d 34, 48,409 N.E.2d 258.
 {¶ 14} A trial court's ruling on a Civ. R. 41(B)(2) motion will be set aside on appeal "only if erroneous as a matter of law or against the manifest weight of the evidence." Bank One, Dayton, N.A. v.Doughman (1988), 59 Ohio App.3d 60, 63571 N.E.2d 442.
 {¶ 15} Before we may address the merits of the case, however, we must first determine whether the denial of Hoyt's motion for directed verdict and/or motion to dismiss is a final, appealable order. Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505 .02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed. Further, in State ex rel. Keith v. McMonagle,103 Ohio St.3d 430, 816 N.E.2d 597, 2004-Ohio-5580, at ¶ 4, the Ohio Supreme Court held that, "[a] judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." [Citation omitted.] "A `final decision' generally is one which ends the *Page 6 
litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States (1945), 324 U.S. 229,233, 65 S.Ct. 631, 89 L.Ed. 911.
 {¶ 16} R.C. 2505.02(B) defines final orders as follows:
 {¶ 17} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 18} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 19} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 20} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 21} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 22} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 23} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 24} "(5) An order that determines that an action may or may not be maintained as a class action. * * *"
 {¶ 25} Hoyt made its motion for directed verdict on the contribution issue during opening remarks. The parties then went on to present evidence on Mennonite's claim for negligence. At the end of the trial, the magistrate requested the parties to submit *Page 7 
proposed findings of facts and conclusions of law. The trial court then asked the parties to address Hoyt's oral motion separately. (T. 154).
 {¶ 26} The parties were to submit briefs on the directed verdict motion by January 31, 2007. The parties also submitted a stipulated entry, agreeing to the amount of damages but not to the issue of negligence. On March 16, 2007, the magistrate issued its decision denying Hoyt's motion for directed verdict. Hoyt objected to the magistrate's decision and the trial court affirmed the magistrate's decision. The trial court included the language pursuant to Civ.R. 54(B) in its judgment entry.
 {¶ 27} Civ.R. 54(B) provides:
 {¶ 28} "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 29} However, "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order."Noble v. Colwell (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381. To be final and appealable, the judgment entry must also comply with R.C.2505.02. Id. *Page 8 
 {¶ 30} As stated above, R.C. 2505.02(B)(1) defines a final order as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment." A final order determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the cause before the court for further proceedings. Catlin v. UnitedStates (1945), 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911.
 {¶ 31} We find in this specific instance, the magistrate's decision to deny Hoyt's motion for directed verdict on the contribution issue was not a final order. We base our decision upon the legal concept of the right to contribution. The right of contribution is a concept that applies to joint tortfeasors. St. Paul Fire Marine Ins. Co. v. CassensTrans. Co. (C.A.6 Jan. 26, 2004), 86 Fed.Appx. 869 (applying Ohio law). To make a contribution claim, an insurer "must have paid benefits on behalf of a tortfeasor because the contribution statutes allow only a tortfeasor to make a claim for contribution to the extent that the tortfeasor has paid more than its share of liability." Id. Further, inMetroHealth Med. Center v. Hoffmann-LaRoche, Inc. (1997),80 Ohio St.3d 212, 685 N.E.2d 529, the Ohio Supreme Court held that the contribution-plaintiff must show that the contribution-defendant acted tortiously and thereby caused the damages. Id. at 215.
 {¶ 32} The magistrate never rendered judgment on the issue of whether Hoyt acted tortiously in causing the boiler explosion. As such, we find regardless of the inclusion of the Civ.R. 54(B) language, the magistrate's decision on the contribution issue was not a final order that determined the whole case. Akin to the denial of a *Page 9 
motion for summary judgment, we find the denial of a Civ.R. 41(B)(2) motion is not a final, appealable error.
 {¶ 33} Because there is no final appealable order, the appeal of the judgment of the Licking County Court of Common Pleas is hereby dismissed.
 Delaney, J. Farmer, P.J. and Edwards, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the judgment of the Licking County Court of Common Pleas is dismissed. Costs assessed to appellant. *Page 1